```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

JUAN ARAUJO, on behalf              :
of himself and other
similarly situated,                 :

                Plaintiffs,         :    08 Civ. 9442 (PAC)(HBP)

    -against-                       :    ORDER

787 EIGHTH AVENUE CORP.,            :
doing business as
"Brazil Grill,"                     :

                Defendant.          :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

Plaintiff commenced this putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York State Labor Law, alleging that he did not receive overtime pay as required by those statutes.

Plaintiff and defendant have entered into a tentative, confidential settlement that provides, among other things, that plaintiff will be paid a sum of money to be divided between plaintiff and his attorney in amounts set forth in the settlement agreement, plaintiff's claims against defendant will be dismissed with prejudice and the claims of any other potential plaintiff will be dismissed without prejudice.

Pursuant to the parties' joint request, I have reviewed the terms of the proposed settlement agreement in camera and,

based on the submissions currently before me, I cannot conclude that the settlement is fair and reasonable. Because the parties desire the terms of their settlement to be confidential, I am constrained to speak in generalities.

Plaintiff alleges that he routinely worked 60 hours per week in defendant's restaurant and received a fixed sum. There is a rebuttable presumption that the compensation paid under such an arrangement is allocable to the first 40 hours of the employee's work per week. Chan v. Sun Yue Tung Corp., 03 Civ. 6048 (GEL), 2007 WL 313483 at *23 (S.D.N.Y. Feb. 1, 2007); Doo Nam Yang v. ACBL Corp., 427 F. Supp.2d 327, 335 (S.D.N.Y. 2005); Moon v. Kwan, 248 F. Supp.2d 201, 207 (S.D.N.Y. 2002); Giles v. City of New York, 41 F. Supp.2d 308, 316-17 (S.D.N.Y. 1999). Defendants has not offered any evidence to rebut this presumption. Applying this formula to the weekly rate and the hours claimed by plaintiff yields a substantial actual damages figure which would be doubled as a result of the FLSA's liquidated damages provision. 29 U.S.C. § 216(b).

The Supreme Court has indicated that an employee can waive his right to liquidated damages only under limited circumstances, one of which is a judicially-supervised settlement. See D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 114 (1946); Elliot v. Allstate Investigations, Inc., 07 Civ, 6078 (DLC), 2008 WL 728648 at *1 (S.D.N.Y. Mar. 19, 2008). My principal problem with the

proposed settlement is that after attorney's fees are deducted, plaintiff does not even receive the wages due to him for his overtime work, and he receives no liquidated damages whatsoever. In other words, plaintiff receives less than he would have received had there been no FLSA violation.  Given the limitations on the waiver of liquidated damages, it is difficult to conclude that such a settlement is fair and reasonable.

I am not concluding at this time the settlement could not be approved under any circumstances.  For example, if the defendant (and any other party who might be liable for a judgment) were in dire financial straights and there was little likelihood of a more substantial recovery after trial, the proposed settlement might be reasonable.  Approving the settlement on this basis, however, would require evidence of defendant's financial condition and the financial condition of any person who might be liable for the judgment.  Similarly, if plaintiff had some serious credibility issue or there was some other serious problem with plaintiff's case, a deeply discounted settlement might make sense.  On the record before me, however, there is no reason to believe that either of these obstacles exists.

Accordingly, for all the foregoing reasons, I do not approve the parties' proposed settlement.

Dated:   New York, New York
         August 7, 2009

                                         SO ORDERED

                                         _____
                                         HENRY PITMAN
                                         United States Magistrate Judge

Copies transmitted to:

Robert L. Kraselnik, Esq.
28th Floor
40 Wall Street
New York, New York  10005

Jane B. Jacobs, Esq.
Klein, Zelman, Rothermel LLP
485 Madison Avenue
New York, New York  10022